UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| CHRISTOPHER CASSENTI, | | |
| | Plaintiff, | DECISION and ORDER |
| v. | | |
| TOWN OF AMHERST, JOHN DOES 1-5, JOHN J. FIORE, and BRIAN E. KERN, | | 12-CV-01138F (consent) |
| | Defendants. | |

_____

| APPEARANCES: | ANNICK TCHOKONTE KAMGA KOLOKO, ESQ. Attorney for Plaintiff 266 Elmwood Avenue Apt. 161 Buffalo, New York  14222 |
|---|---|
| | DeMARIE & SHOENBORN, P.C. Attorneys for Defendants JOSEPH DeMARIE, of Counsel 403 Main Street Suite 615 Buffalo, New York  14203 |

## **JURISDICTION**

On January 28, 2015, the parties to this action consented pursuant to 28 U.S.C. § 636(c)(1) to proceed before the undersigned.  The matter is presently before the court on Defendants' motion to dismiss for failure to prosecute (Doc. No. 25), filed April 17, 2015.

## BACKGROUND and FACTS[1]

On November 16, 2012, Plaintiff Christopher Cassenti ("Plaintiff" or "Cassenti"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants, including the Town of Amherst ("Town"), and Officers of the Town of Amherst Police Department John Does 1-5, John F. Fiore, and Brian E. Kern (together, "Defendants"), subjected Plaintiff to unnecessary force in connection with Plaintiff's arrest on August 19, 2011, causing physically injuries, mental anguish, emotional distress, and incurring medical expenses.  Defendants' answer was filed on January 25, 2013 (Doc. No. 4).

At a scheduling conference conducted by the undersigned on February 19, 2015, (Doc. No. 22), Plaintiff's attorney, Annick Tchokonte Kamga Koloko ("Ms. Koloko"), advised that she had had no contact with Plaintiff since 2014, but would make another attempt to locate Plaintiff.  At a status conference held April 15, 2015, (Doc. No. 23), Ms. Koloko advised the undersigned that she had been unable to locate Plaintiff and had no knowledge of Plaintiff's whereabouts.

On April 17, 2015, Defendants filed their motion to dismiss for failure to prosecute (Doc. No. 24) ("Defendants' motion"), supported by the attached Affidavit of Joseph DeMarie, Esq. ("DeMarie Affidavit").   Plaintiff has not responded in opposition to Defendants' motion, and Defendants have not filed any reply in further support of Defendants' motion.  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion is GRANTED.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

**DISCUSSION**

Pursuant to Fed.R.Civ.P. 41(b) ("Rule 41(b)"), an action may be dismissed on the merits and with prejudice if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedures, or a court order.  Although Rule 41(b) does not define what constitutes a "failure to prosecute," the Second Circuit Court of Appeals has stated that such failure "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  It is within a district judge's discretion to dismiss an action for failure to prosecute.  *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  *See also Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (whether to grant a motion seeking dismissal under Rule 41(b) "is a matter committed to the discretion of the district court." (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962))).  Because "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations," the Second Circuit has "fashioned guiding rules that limit a trial court's discretion in this context." *Id.* (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993), and *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  These rules include

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (citing cases).

"No one factor is dispositive," and the record must be considered as a whole. *Id.*  Here, consideration of these five factors supports dismissal for failure to prosecute.

In particular, Plaintiff's attorney, Ms. Koloko, advised the court in February 2015 that she had not heard from her client since 2014, and further attempts to contact Plaintiff were futile.  Defendants' attorney, Joseph DeMarie ("Mr. DeMarie"), maintains that when the instant action was commenced, Plaintiff, having been arrested and in default of bail, was detained in a holding center where Plaintiff remained until his release in February 2014. [2]  DeMarie Affidavit ¶¶ 5-7.  Upon such release, Plaintiff "has effectively disappeared."  *Id.* ¶ 8.  Since "disappearing," Plaintiff's counsel has indicated on two occasions, including February 19, 2015, and April 15, 2015, that she has been unable to contact, locate, or communicate with Plaintiff, that telephone calls to Plaintiff's last known telephone numbers resulted in notifications that the numbers have been disconnected, and that attempts to reach Plaintiff at his last known address have also been unsuccessful.  *Id.* ¶ 9.  Furthermore, the time in which to conduct discovery has passed without Plaintiff seeking any discovery from Defendants.  *Id.* ¶ 10.  DeMarie further states that given Plaintiff's incarceration outside of Erie County, and history of arrests and convictions, Defendants assessed Plaintiff's likelihood of succeeding on the merits of this action was so low that Defendants did not seek to depose Plaintiff.  *Id.* ¶ 11.  DeMarie concludes that this matter can never be scheduled for trial because it is unlikely Plaintiff will ever be located given that his whereabouts have been unknown for more than one year.  *Id.* ¶ 12.  Plaintiff, not having responded in opposition to Defendants' motion, does not dispute any of Defendants' assertions.

Based on Defendants' undisputed assertions, the court finds the five factors support Defendants' motion to dismiss for failure to prosecute.  In particular, Plaintiff's

---

[2] It is not clear whether Plaintiff was being held pursuant to the August 19, 2011 arrest on which the instant action is predicated, or on some other charges, nor do Defendants identify the holding center in which Plaintiff was being held.

failure to take any action in this case has caused a delay of significant duration, specifically more than two years.  Defendants' motion placed Plaintiff, represented by Ms. Koloko, on notice that further delay could result in dismissal.  The continued delay in prosecuting this action can only work to prejudice Defendants.  The caseload in this heavily congested court (tied at 18th of 94 districts based on weighed caseload per judge), compared to Plaintiff's right to an opportunity for a day in court on an action in which Plaintiff appears to have lost all interest weighs in favor of dismissal.  Finally, there do not seem to be any lesser sanctions which would effectively  gett the case back on track in light of Ms. Koloko's inability to locate her client.

All five factors thus weigh in favor of dismissing the action for failure to prosecute.

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. No. 25), is GRANTED.  The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    March 30, 2016
          Buffalo, New York